```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT BECKLEY
```

**UNITED STATES OF AMERICA**

**v.**                                          **CRIMINAL NO. 5:04-00228**

**ARTHUR PAUL MARRONE, III**

### MEMORANDUM OPINION AND ORDER

Pending before the court is the defendant's motion for a judgment of acquittal and new trial (Doc. No. 57). The United States has responded to the motion, arguing that there was sufficient evidence to support the verdict (Doc. No. 58). In considering the motion, the court has considered the evidence and argument presented at trial and the briefs submitted by the parties. A Beckley jury convicted the defendant of the sole count of the indictment. After reviewing the proceedings, the court concludes that the defendant's motion should be DENIED.

In evaluating a defendant's motion for judgment of acquittal under Federal Rule of Criminal Procedure 29(c), the court must view the evidence in the light most favorable to the government to determine if any rational trier of fact could have found the defendant guilty of the essential elements of the crime beyond a reasonable doubt. United States v. Wilson, 118 F.3d 228, 234 (4th Cir. 1997). Accordingly, defendant's conviction must be sustained if, viewed in the light most favorable to the United

States, there is substantial evidence to support it. See Glasser v. United States, 315 U.S. 60, 80 (1942). "In reviewing the sufficiency of the evidence, [the Court is] not entitled to weigh the evidence or to assess the credibility of witnesses, 'but must assume that the jury resolved all contradictions . . . in favor of the Government.'" United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998) (quoting United States v. United Med. & Surgical Supply Corp., 989 F.2d 1390, 1402 (4th Cir. 1993)).

The defendant asserts that the Officer Wesley Collins was not credible. In finding the defendant guilty, the jury had to find at least the crux of Officer Collins' testimony credible. Defense counsel attempted to impeach Officer Collins' testimony with potential inconsistencies in a workers compensation form. Credibility determinations are the province of the jury. This court cannot overturn the verdict based solely on credibility determinations. See United States v. Levy, 904 F.2d 1026, 1032 (6th Cir. 1990) (citing Glasser v. United States, 315 U.S. 60, 80 (1942) ("It is well-established that in deciding a motion for judgment of acquittal . . . the district court [is not] to make independent determinations regarding witnesses credibility."). The defendant provides no other grounds for overturning the verdict. Regardless, the court heard the evidence and testimony and found Officer Collin's to be credible. Accordingly

2

defendant's motion for judgment of acquittal (Doc. No. 57) is DENIED.

A court may order a new trial "if the interest of justice so requires." See Fed. R. Crim. Pro. 33(a). The defendant's motion offers no reason other than the credibility of Officer Collins for a new trial. The court finds that the government introduced sufficient evidence to support the jury's verdict of guilt. There was testimony and evidence concerning the circumstances of the assault and the injuries sustained from the assault. Accordingly, defendant's motion for a new trial (Doc. No. 57) is DENIED.

The Clerk is directed to send by FAX and mail a copy of this Memorandum Opinion and Order to all counsel of record, the United States Marshals Service for the Southern District of West Virginia, and the Probation Office of this court.

It is SO ORDERED this 23rd day of August, 2005.

    Enter:

    David A. Faber
    Chief Judge