```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT BECKLEY
```

**UNITED STATES OF AMERICA**

v.                                    CRIMINAL NO. 5:04-00228

**ARTHUR PAUL MARRONE**

### AMENDED MEMORANDUM OPINION AND ORDER[*]

    Pending before the court is defendant's second motion for a new trial (Doc. No. 60). In considering this motion, the court has considered the evidence and argument presented at trial and at the defendant's motion hearings held on August 24, 2005 and September 16, 2005. Defendant argues that he was prejudiced by a juror's failure to disclose his acquaintanceship with three individuals associated with the case.

    After trial, it came to light that defendant was a passing acquaintance of two potential witnesses and the victim's brother. Testimony taken at the hearing indicated that the juror knew Michael Yansick, an FBI agent, by appearance from the gym where the two work out and occasionally see each other. Additionally, the juror testified that his wife manages the Fraternal Order of Police pool where Mr. Mouse, a potential witness, sometimes does volunteer lawn maintenance. Mr. Mouse did not testify and did not enter the courtroom until closing arguments. Finally, the

---

    [*] Pending before the court is the United States Motion for Amendment of Court's Memorandum Opinion and Order (Doc. No. 80), filed in this case on October 4, 2005. For good cause shown, that motion is GRANTED.

juror and the victim's brother, Mr. William Collins, work for the same company, where they see each other and socialize infrequently. Defendant argues that these acquaintanceships prejudice him because they impair the juror's impartiality and would have provided a basis for challenging the juror for cause if known at voir dire.

To obtain a new trial based on incorrect answers to voir dire questions, the defendant must make a two-part showing. The defendant must demonstrate (1) that a juror failed to honestly answer a material question, and (2) that a correct response would have provided a valid basis for a challenge for cause. McDonough Power Equip., Inc. v. Greenwood, 464 U.S. 548, 555 (1984). Alternatively, under the Sixth Amendment, the defendant may show that the juror was actually biased regardless of whether the juror was truthful. Jones v. Cooper, 311 F.3d 306, 310 (4th Cir. 2002).

The juror testified that he knew Mr. Yansick only by face at the time of voir dire. (Post-Trial Mot. Hr'g Tr. at 15-16.) The court finds credible the juror's testimony that he did not indicate a relationship with Mr. Yansick, whose name appeared on the witness list, because the juror did not know Mr. Yansick's name. The juror stated that he did not recognize Mr. Mouse at trial, and that he did not discover until after the trial that his co-worker, Mr. William Collins, was related to the victim. (Id. at 18-19, 24-25.) The court finds credible the juror's

testimony that he did not link Mr. Mouse and Mr. William Collins with the trial until after it concluded.  Therefore, the court finds that the juror did not answer a material question dishonestly when he failed to disclose his acquaintanceships with the three individuals listed above.  Further, the court finds that ignorance of individuals' relationships to the case is not the sort of motive that affects juror impartiality, especially given that the juror testified that he remained impartial throughout the trial.

Under the McDonough test, there is no need to consider whether the acquaintanceships would have provided a basis for challenging the juror for cause at voir dire because defendant did not answer a material question dishonestly.

Absent a showing of prejudice and a basis for challenging the juror for cause under the McDonough test, defendant may prevail under the Sixth Amendment if he can show that the juror was actually biased without regard to the juror's truthfulness. Jones v. Cooper, 311 F.3d 306, 310 (4th Cir. 2002).  Defendant has made no such showing.  In fact, Mr. Yansick was the only acquaintance associated with the trial that the juror was aware of at the time of the trial.  The juror specifically testified that his facial recognition of Mr. Yansick as a fellow gym-goer did not affect his impartiality.  The court finds that the juror did not know Mr. Mouse and Mr. William Collins' link to the trial until after it concluded, and therefore the juror could not have

been biased by his acquaintance with the two men.

    Accordingly, this court DENIES defendant's second motion for a new trial.

    The court hereby SCHEDULES the sentencing hearing in this matter for December 13, 2005, at 1:30 p.m. in Charleston.

    The Clerk is directed to mail a copy of this Order to counsel of record, the Federal Public Defender, the United States Marshal for the Southern District of West Virginia, and the Probation Office of this court.

    It is SO ORDERED this 13th day of October, 2005.

                                            ENTER:

                                            David A. Faber
                                            Chief Judge